UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSS BIRON,<br><br>Plaintiff,<br>v.<br><br>MAKITA U.S.A., INC., MAKITA CORPORATION, AND MAKITA CORPORATION OF AMERICA, INC.<br><br>Defendants. | Civil Action No. |

**COMPLAINT AND JURY DEMAND**

Plaintiff Ross Biron ("Plaintiff"), by the undersigned attorneys, as and for his Complaint herein alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by defendants Makita U.S.A., Inc. ("Makita U.S.A."), Makita Corporation ("Makita Japan"), and Makita Corporation of America, Inc. ("Makita America")(together "the Defendants" or "Makita").

**PARTIES**

2. The Plaintiff, Ross Biron, is an individual who resides at 600 Fairmount St., Woonstock, RI 02895.

1

3.   Upon information and belief, Defendant Makita USA is a California corporation, maintaining its principle place of business at 14930-C Northam Street, La Miranda, California 90638.

4.   Upon information and belief, Makita America is a Georgia corporation maintaining its principle place of business at 2650 Buford Hwy, Buford, Georgia, 30518.

5.   Upon information and belief, Makita Japan is a Japanese corporation with a principle place of business of 3-11-8 Sumiyosi-cho, Anjo, Aichi 446-8502, Japan.

6.   Upon information and belief, Makita USA is the wholly-owned subsidiary of Makita Japan, while the manufacturer, Makita America, is 80% percent owned by Makita USA. Makita is a large corporation that sells power tools throughout the United States.

## JURISDICTION & VENUE

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

8.   This Court has personal jurisdiction over the Defendant because Plaintiff's accident occurred in Needham, Massachusetts and Plaintiff's claims arise from the Defendants':

    a.   transacting business in the Commonwealth of Massachusetts;

    b.   contracting to supply services or things in the Commonwealth of Massachusetts;

    c.   causing tortuous injury by an act or omission in the Commonwealth of Massachusetts; and/or

    d.   causing tortuous injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and

deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that the Plaintiff resides in this District, as that term is defined in § 1391(c) and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE FACTS

10. Upon information and belief, on or about the year 2006, Makita was the designer, manufacturer, tester, supplier, seller, and/or distributor of a Model 2703 10-inch portable Makita brand table saw with a serial number of 816776A7 (hereinafter the "Subject Saw") and had distributed, supplied and/or sold the Subject Saw.

11. Around January 16, 2007, the Defendant distributed, supplied and/or sold the Subject Saw to J.W. Campbell Construction Inc., Plaintiff's employer.

12. The Defendants, as manufacturers and distributors of power saws have failed to utilize available safer technology in their saws.

13. The Subject Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Subject Saw is extremely difficult to use and it is necessary to remove it for certain cuts. Once removed, it is difficult to reattach. Thus, it is common practice for users of the Subject Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the machine when using the table saw. This widespread practice was well known by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

14. The Subject Saw was not equipped with a Riving Knife, which is an inexpensive device that prevents kickback and has been readily available for use for decades;

15. For years there has been available technology that, for example, would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

16. The Defendants failed to pursue licensing and use of this available technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

17. The Subject Saw does not incorporate flesh detection and breaking technology, or other comparable safety technology

18. Had Defendants employed these safer available technologies on the Subject Saw, Plaintiff would not have been injured, or the severity of his injury would have been substantially reduced.

19. On or about January 6, 2011, Plaintiff, while in the course of his employment, was injured while using the Subject Saw in Massachusetts. At the time of the accident, Plaintiff was exercising all due care for his own safety.

## COUNT I

### (Negligence Against all Defendants)

20. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 16 and incorporates each as if fully set forth herein.

21. Makita was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and was negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

4

22. As the direct and proximate result of Makita's said negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II

### (Implied Warranty Against all Defendants)

23. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 22 and incorporates each as if fully set forth herein.

24. Makita impliedly warranted pursuant to Mass Gen. Law c. 106, §2-314 to Plaintiff that the Makita Saw and its component parts were merchantable, safe and fit for ordinary purposes. Defendants are merchants with respect to good of the kind involved in the accident. The product, component parts of the product and the product warning and instructions were defective, and therefore the product was not, in fact merchantable, safe and fit as warranted by Defendants. Defendants therefore breached these warranties to the Plainitiff.

25. As the direct and proximate result of Defendants said breach of warranty, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III

### (Strict Liability Against All Defendants)

26. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 25 and incorporates each as if sully set forth herein.

5

27. Defendants placed the Subject Saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

28. The Subject Saw that was placed on the market by Defendants and which injured Plaintiff was defective.

29. The defect in the Subject Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses, and to suffer lost time from work, and impaired his ability to engage in normal and usual activities.

WHEREFORE, the Plaintiff demands judgment against the Defendants Makita USA, Makita Japan and Makita America, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY**

Dated:   April 28, 2011

Respectfully submitted,
**SULLIVAN & SULLIVAN, LLP**

_____
Richard J. Sullivan
40 Washington Street
Wellesley, Massachusetts  02481
Ph:   (781) 263-9400
Fx:   (781) 239-1360
Email: rsullivan@sullivanllp.com

George F. Carpinello (103750)
**BOIES, SCHILLER & FLEXNER, LLP**
10 North Pearl Street, 4th Floor
Albany, New York 12207
Ph:   (518) 434-0600
Fx:   (518) 434-0665
Email: gcarpinello@bsfllp.com

David M. Williams
**WILLIAMS & MAHONEY, LLC**
900 Cummings Center, Suite 306-T
Beverly, Massachusetts 01915
Ph:   (978) 232-9500
Fx:   (978)-232-9222
Email: dwilliams711@hotmail.com

*Attorneys for Plaintiff*